NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0467n.06

No. 14-2167

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

Jun 23, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| CHARLES L. GARAVAGLIA; MARY ANN GARAVAGLIA, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| UNITED STATES OF AMERICA; JOHN DOE 1, Unknown Agents of the Internal Revenue Service; DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE, | ) ) ) ) ) | |
| Defendants-Appellees. | ) | |

Before: BOGGS and KETHLEDGE, Circuit Judges; BLACK, District Judge.*

KETHLEDGE, Circuit Judge. Charles Garavaglia and his wife Mary Ann appeal the district court's dismissal of their *Bivens* claims against unknown IRS agents who destroyed boxes of financial records. We affirm.

I.

In the 1990s the IRS investigated Charles Garavaglia for tax fraud. During that investigation, IRS agents seized 172 boxes containing financial documents for businesses that Garavaglia partially owned. He eventually pled guilty to one count of mail fraud and one count of conspiracy to defraud the United States. As part of his plea deal, Garavaglia paid $207,000 in restitution to the IRS for the tax years 1987 to 1991.

---

* The Honorable Timothy S. Black, United States District Judge for the Southern District of Ohio, sitting by designation.

In 2002, following a civil audit, the IRS made an initial determination that the Garavaglias did not owe any additional taxes for the years 1989 and 1990 beyond the money that Charles Garavaglia had already paid in restitution. The IRS then returned 25 of the boxes to the Garavaglias, but destroyed the rest (apparently with permission from Charles Garavaglia's business partner). In 2006, the IRS reversed its initial determination that the Garavaglias did not owe additional taxes and issued a notice of deficiency, which stated that the Garavaglias still owed hundreds of thousands of dollars in taxes for 1989 and 1990.

The Garavaglias challenged the notice in tax court. They also sought sanctions against the IRS for spoliation of evidence because of the destruction of the remaining boxes of financial records. The court ruled against the Garavaglias in all respects, and we affirmed on appeal. *See Garavaglia v. Comm'r of Internal Revenue*, 521 F. App'x 476 (6th Cir. 2013).

In 2014, the Garavaglias brought this *Bivens* claim against the United States, the IRS, and unknown IRS agents. The Garavaglias alleged that they had needed the destroyed records to defend effectively against the notice of deficiency in tax court, and that the IRS's destruction of the records therefore violated their due-process rights. The district court dismissed the complaint, holding that sovereign immunity barred the Garavaglias' claims against the United States and the IRS, and that the statute of limitations barred their claims against the unknown agents. The Garavaglias now appeal only the dismissal of their claims against the agents.

II.

As an initial matter, the government argues that sovereign immunity bars consideration of the Garavaglias' claims against the agents. But the government also argues that those claims are time-barred; and we have discretion to consider that argument first. *See S.L. ex rel. K.L. v. Pierce Twp. Bd. of Trs.*, 771 F.3d 956, 961 (6th Cir. 2014). We exercise that discretion here.

We review de novo the district court's dismissal of the Garavaglias' claims against the agents as untimely. *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013). Dismissal is appropriate when "the allegations in the complaint affirmatively show that the claim is time-barred." *Id.* (internal quotation marks omitted).

The parties agree that Michigan's three-year statute of limitations for personal-injury claims applies to the Garavaglias' claims against the agents. The limitations period began to run when the Garavaglias "knew or should have known" about the destruction of the records. *See Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The Garavaglias allege in their complaint that the IRS issued a notice of deficiency in 2006, which they disputed in tax court. *See* R. 4 at 9-10. They also allege that, to challenge the notice effectively, they needed the records that the IRS seized during its criminal investigation of Charles Garavaglia. *See id.* Thus, the complaint allegations "affirmatively show" that the Garavaglias should have known about the destruction of those records at the time the IRS issued the notice of deficiency in late 2006. The limitations period therefore expired in late 2009, long before the Garavaglias filed their *Bivens* claims in 2014.

In response, the Garavaglias contend that the IRS's wrongful conduct tolled the limitations period. Although their argument is not entirely clear, they appear to invoke two separate doctrines for tolling: continuing violations and fraudulent concealment. A continuing violation may toll the statute of limitations if, among other things, the defendant engaged in a pattern of wrongful conduct that continued after the initial event that harmed the plaintiff. *See Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007). Here, the Garavaglias allege that the IRS had destroyed all of their records by late 2006; they do not allege that the IRS continued to destroy records after that time. Although the Garavaglias assert that

the destruction of the records has continued to cause "ill effects" until the present day, only "continual unlawful acts" toll the limitations period. *See id.* Thus, the continuing-violations doctrine does not apply.

The Garavaglias also contend that the IRS's "fraudulent concealment" of evidence tolled their claim. Specifically, they assert (in their brief) that they learned in June 2014 that the IRS had not, in fact, destroyed 15 of the boxes that IRS agents told them had been destroyed. (The IRS apparently found the boxes during an office move.)

A defendant's "fraudulent concealment" of its wrongdoing may toll the statute of limitations if, among other things, the concealment prevented the plaintiff from discovering the defendant's wrongdoing during the limitations period. *See Ruth v. Unifund CCR Partners*, 604 F.3d 908, 910 (6th Cir. 2010). Here, the IRS's concealment of the surviving 15 boxes did not prevent the Garavaglias from learning about the destruction of the other boxes within the limitations period. (Indeed, they state in their opening brief that the IRS told them about the records destruction in 2006. Br. at 15.) And the Garavaglias' complaint challenges only the destruction of records in 2006; they do not assert a separate claim based on the alleged concealment. So any concealment of the surviving boxes cannot save their complaint from dismissal.

The district court's judgment is affirmed.